[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 24-10904

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

          Plaintiff-Appellee,

*versus*

GRAYSON ZACHARY EAGAN,

          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:22-cr-00236-JB-MU-1

_____

Case 1:22-cr-00236-JB-MU   Doc# 219   Filed 04/16/25   Page 2 of 14   PageID# 1395
USCA11 Case: 24-10904   Document: 35-1   Date Filed: 04/16/2025   Page: 2 of 12

2                    Opinion of the Court                    24-10904

Before LAGOA, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Grayson Eagan appeals his convictions for conspiracy to possess with intent to distribute methamphetamine and heroin, possession with intent to distribute methamphetamine and heroin, possession of a firearm in furtherance of a drug-trafficking crime, and possession of a firearm by a felon. We denied the government's motion to dismiss Eagan's appeal pursuant to his unconditional guilty plea and directed the government to file a response brief. On appeal, Eagan challenges the district court's denial of his motion to suppress, arguing that: the district court erred by determining that he lacked standing to challenge the search of the car, the automobile exception applied, and deputies would have inevitably discovered the evidence in his car pursuant to an inventory search.

In *United States v. Pierre*, 120 F.3d 1153 (11th Cir. 1997), we rejected the defendant's contention that he entered a conditional plea pursuant to Fed. R. Crim. P. 11(a)(2) because the government did not give express approval for Pierre to plead conditionally. *Id.* at 1556. We noted that the unconditional nature of Pierre's plea did not preclude relief, however. *Id.* Because Pierre entered, and the district court accepted, his guilty plea only on the reasonable but mistaken belief that he had preserved a speedy trial issue for appeal, we determined that the plea was, as a matter of law, not knowing and voluntary. *Id.* at 1155-57. We concluded that Pierre's

Case 1:22-cr-00236-JB-MU   Doc# 219   Filed 04/16/25   Page 3 of 14   PageID# 1396
USCA11 Case: 24-10904   Document: 35-1   Date Filed: 04/16/2025   Page: 3 of 12

24-10904               Opinion of the Court                    3

guilty plea did not satisfy one of the core concerns of Rule 11 and vacated his conviction to provide him the opportunity to plead anew on remand. *Id.* at 1157. However, in *Sanfilippo*, we noted that we have afforded relief to defendants in the past if they entered a guilty plea on the reasonable (but mistaken) belief that they had preserved the ability to challenge a pretrial decision, citing *Pierre*. *United States v. Sanfilippo*, 91 F.4th 1380, 1384 n.4 (11th Cir. 2024). We determined that because Sanfilippo did not argue that his plea was unknowing and involuntary until oral argument, his failure to make his argument in his brief precluded consideration of it. *Id.*

We deem an issue not prominently raised on appeal or raised without supporting arguments and authorities abandoned but can consider the issue *sua sponte* if a forfeiture exception applies and extraordinary circumstances warrant review. *United States v. Campbell*, 26 F.4th 860, 871–73 (11th Cir. 2022) (*en banc*). We have identified several situations in which we may, in our discretion, consider a forfeited issue, including when the interests of substantial justice are at stake. *Id.* Moreover, an appellant may not raise an issue for the first time in a reply brief. *United States v. Chalker*, 966 F.3d 1177, 1195 n.8 (11th Cir. 2020).

Here, as a threshold matter, because Eagan failed to raise any issue concerning the validity of his guilty plea in his initial brief and he cannot do so for the first time in reply, we consider only the suppression issues that Eagan has raised on appeal and decline his request to declare his guilty plea invalid and remand so that he may plead anew.

Case 1:22-cr-00236-JB-MU   Doc# 219   Filed 04/16/25   Page 4 of 14   PageID# 1397
USCA11 Case: 24-10904   Document: 35-1   Date Filed: 04/16/2025   Page: 4 of 12

4                        Opinion of the Court                    24-10904

"A denial of a motion to suppress involves mixed questions of fact and law." *Campbell*, 26 F.4th at 870 (quotation marks omitted). When reviewing the denial of a motion to suppress, we review the district court's findings of fact for clear error and its application of law to those facts *de novo*, construing all facts in the light most favorable to the prevailing party. *Id*. We must accept the version of events adopted by the district court "unless it is contrary to the laws of nature or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (quotation marks omitted).

We "may affirm the denial of a motion to suppress on any ground supported by the record." *United States v. Caraballo*, 595 F.3d 1214, 1222 (11th Cir. 2010). Where a district court judgment is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. When a person has no reasonable expectation of privacy in a thing or place, a search of that thing or place does not implicate his Fourth Amendment rights, and he lacks Fourth Amendment "standing" to challenge the search. *United States v. Miller*, 821 F.2d 546, 548 (11th Cir. 1987). We have

Case 1:22-cr-00236-JB-MU   Doc# 219   Filed 04/16/25   Page 5 of 14   PageID# 1398
USCA11 Case: 24-10904   Document: 35-1   Date Filed: 04/16/2025   Page: 5 of 12

24-10904                Opinion of the Court                5

explained that the threshold issue of "whether an individual has a reasonable expectation of privacy in the object of the challenged search" is known as Fourth Amendment standing. *United States v. Ross*, 963 F.3d 1056, 1062 (11th Cir. 2020).

The individual whose property was searched bears the burden of proving a legitimate expectation of privacy in the items searched. *United States v. Ramos*, 12 F.3d 1019, 1023 (11th Cir. 1994). When challenging a search on Fourth Amendment grounds, the defendant "must establish both a subjective and an objective expectation of privacy," with the subjective component requiring "that a person exhibit an actual expectation of privacy," and the objective component requiring "that the privacy expectation be one that society is prepared to recognize as reasonable." *United States v. King*, 509 F.3d 1338, 1341 (11th Cir. 2007) (quotation marks omitted). Factors beyond mere possession must be proven to establish a legitimate expectation of privacy, like a right to exclude or a right to privacy. *United States v. Harris*, 526 F.3d 1334, 1338 (11th Cir. 2008). It "is necessary for the movant to allege that he has an expectation of privacy in the premises searched or in some other manner allege that he has standing to file the motion to suppress." *United States v. Sneed*, 732 F.2d 886, 888 (11th Cir. 1984).

In *United States v. Cooper*, we explained that the initial Fourth Amendment standing inquiry focused on whether defendants established in their motion to suppress that they possessed a reasonable expectation of privacy in a hotel room. 203 F.3d 1279, 1284 (11th Cir. 2000). We explained that the defendants' motion to

Case 1:22-cr-00236-JB-MU Doc# 219 Filed 04/16/25 Page 6 of 14 PageID# 1399
USCA11 Case: 24-10904 Document: 35-1 Date Filed: 04/16/2025 Page: 6 of 12

6                  Opinion of the Court                  24-10904

suppress included only "offhanded references" and an ultimate conclusion that the room was theirs, rather than facts that demonstrated their conclusion to be true. *Id.* Moreover, we noted that once the government raised the issue of standing in opposition to the defendants' motion to suppress, they failed to amend their motion to provide specific facts to demonstrate a reasonable expectation of privacy in the hotel room. *Id.* (citing *Sneed*, 732 F.2d at 888 (explaining that Sneed "failed to amend his motion once standing was questioned")). We concluded that the defendants' motion to suppress lacked any facts that demonstrated a reasonable expectation of privacy in the hotel room and that the district court thus correctly denied the motion for a lack of standing. *Id.* at 1285.

The exclusionary rule encompasses evidence obtained as a direct result of an illegal search or seizure. *Utah v. Strieff*, 579 U.S. 232, 237 (2016). To suppress evidence based on a Fourth Amendment violation, "a claimant has the burden of proving (1) that the search was unlawful and (2) that the claimant had a legitimate expectation of privacy." *United States v. McKennon*, 814 F.2d 1539, 1542 (11th Cir. 1987).

The automobile exception to the Fourth Amendment permits a warrantless search of an automobile if (1) the automobile is readily mobile and (2) there is probable cause to believe that it contains contraband or evidence of a crime. *United States v. Lanzon*, 639 F.3d 1293, 1299-1300 (11th Cir. 2011). All that is necessary to satisfy the first prong is that the car is "operational." *United States v. Morley*, 99 F.4th 1328, 1337 (11th Cir. 2024).

Case 1:22-cr-00236-JB-MU   Doc# 219   Filed 04/16/25   Page 7 of 14   PageID# 1400
USCA11 Case: 24-10904   Document: 35-1   Date Filed: 04/16/2025   Page: 7 of 12

24-10904                Opinion of the Court                           7

Moreover, "ready mobility" is "inherent in all automobiles that reasonably appear to be capable of functioning." *Id.* (quotation marks and emphasis omitted). Nor does the car "have to be moving at the moment when the police obtain probable cause to search." *United States v. Alexander*, 835 F.2d 1406, 1409 (11th Cir. 1988). In addition, officers may conduct a warrantless search of a car after it has been impounded and is in police custody. *United States v. Parrado*, 911 F.2d 1567, 1571 (11th Cir. 1990) (citing *Michigan v. Thomas*, 458 U.S. 259, 261 (1982)). Moreover, no exigent circumstances are required beyond the mobility inherent in all automobiles that appear capable of functioning. *United States v. Watts*, 329 F.3d 1282, 1285-86 (11th Cir. 2003). Finally, probable cause for the search and seizure of a vehicle "exists when under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle." *United States v. Lindsey*, 482 F.3d 1285, 1293 (11th Cir. 2007) (quotation marks omitted).

While a Fourth Amendment violation can trigger the exclusionary rule, which requires a court to suppress evidence, there are several exceptions to the exclusionary rule. *United States v. Watkins*, 13 F.4th 1202, 1210 (11th Cir. 2021). One exception to the exclusionary rule is the doctrine of inevitable discovery, which allows for admission of evidence that would have been discovered even absent the conduct that gave rise to the claimed Fourth Amendment violation. *Id.* For evidence to qualify for admission under the inevitable discovery rule, the government must show by a preponderance of the evidence that the evidence in question

Case 1:22-cr-00236-JB-MU   Doc# 219   Filed 04/16/25   Page 8 of 14   PageID# 1401
USCA11 Case: 24-10904   Document: 35-1   Date Filed: 04/16/2025   Page: 8 of 12

8                          Opinion of the Court                    24-10904

would have been discovered by lawful means that would have occurred by virtue of ordinary evidence or leads the police already possessed prior to the occurrence of the illegal conduct. *Id.* at 1210-11. "Absolute certainty is not required, only a showing that it is more likely than not the evidence would have been discovered without the violation." *Id.* at 1211. The government must also show "that the lawful means which made discovery inevitable w[as] being actively pursued prior to the occurrence of the illegal conduct." *Id.* (quotation marks omitted). "Active pursuit in this sense does not require that police have already planned the particular search that would obtain the evidence but only that the police would have discovered the evidence by virtue of ordinary investigations of evidence or leads already in their possession." *Id.* (quotation marks omitted). If the contents of an arrested suspect's bag would have been discovered through an inventory search as part of standardized police procedure, the inevitable discovery exception is applicable. *United States v. Rhind*, 289 F.3d 690, 694 (11th Cir. 2002).

We have stated that "a law enforcement officer may impound the vehicle, so long as the decision to impound is made on the basis of standard criteria and on the basis of something other than suspicion of evidence of criminal activity." *Sammons v. Taylor*, 967 F.2d 1533, 1543 (11th Cir. 1992) (quotation marks omitted).

Here, the district court did not err by denying Eagan's motion to suppress. As an initial matter, because the district court's

Case 1:22-cr-00236-JB-MU   Doc# 219   Filed 04/16/25   Page 9 of 14   PageID#
USCA11 Case: 24-10904   Document: 35-1   Date Filed: 04/16/2025   Page: 9 of 12
1402

24-10904                Opinion of the Court                    9

order denying his motion to suppress was based on multiple, independent grounds, Eagan must convince this Court that each stated ground was incorrect. *Sapuppo*, 739 F.3d at 680.

First, as to standing, the district court correctly determined that Eagan failed to properly allege sufficient facts in his motion to suppress to meet his burden of establishing that he had a legitimate expectation of privacy in the car that was searched. *Ramos*, 12 F.3d at 1023. For instance, in his motion to suppress, Eagan failed to expressly allege that he was the owner of the car or that he had an expectation of privacy in the car. While his motion to suppress included language like "Eagan's vehicle," "the search of BMW vehicle he was driving," and "the search of Eagan's car was unconstitutional," this was insufficient to allege Fourth Amendment standing, as a legitimate expectation of privacy must be proven by factors beyond mere possession. *Harris*, 526 F.3d at 1338. Despite his arguments that there was never an allegation that anyone other than he owned or operated the car and that the district court's standing finding was made on a "hyper-technicality," he nonetheless failed to allege facts showing that he had ownership rights, a possessory interest, the ability to exclude others, or anything beyond conclusory statements that the car was his. *United States v. Pitt*, 717 F.2d 1334, 1337-38 (11th Cir. 1983); *Cooper*, 203 F.3d at 1284. In *Cooper*, this Court determined that similar conclusory allegations were insufficient to establish standing where the defendants merely alleged that the hotel room was theirs. *See Cooper*, 203 F.3d at 1284-85. Even further, after the government raised standing in its opposition to Eagan's motion to suppress, he

| 10 | Opinion of the Court | 24-10904 |
|---|---|---|

failed to amend his motion to provide facts demonstrating that he had a legitimate expectation of privacy in the car. *Sneed*, 732 F.2d at 888; *Cooper*, 203 F.3d at 1284. Therefore, the district court correctly determined that Eagan failed to demonstrate standing.

Additionally, the district court did not err by determining that the automobile exception applied to permit a warrantless search of the car. *Lanzon*, 639 F.3d at 1299-1300. Eagan does not contest that probable cause existed to search the car, and the record supports that, under the totality of the circumstances, there was a fair probability that contraband or evidence of a crime would be found in the car, as Eagan engaged in a 30-mile high-speed chase across state lines where he and his passengers were observed tossing evidence out of the car and committing various traffic violations. *Lindsey,* 482 F.3d at 1293. Thus, the only remaining consideration is whether the car was "readily mobile." *Lanzon*, 639 F.3d at 1299-1300.

While Eagan points to the fact that the car was ultimately towed, all that is required to satisfy the first prong is that the car was operational. *Morley*, 99 F.4th at 1337. Although he argues that the car was not operational because he crashed it, "[e]ven in cases where an automobile was not immediately mobile, the lesser expectation of privacy resulting from its use as a readily mobile vehicle justifie[s] application of the vehicular exception." *California v. Carney*, 471 U.S. 386, 391 (1985); *see also United States v. Fields*, 456 F.3d 519, 523–24 (5th Cir. 2006) (applying the automobile exception where the defendant crashed his car following a police chase). To

Case 1:22-cr-00236-JB-MU Doc# 219 Filed 04/16/25 Page 11 of 14 PageID# 1404
USCA11 Case: 24-10904 Document: 33 Date Filed: 04/16/2025 Page: 11 of 12

24-10904               Opinion of the Court                    11

that end, ready mobility is inherent in all automobiles that reasonably appear to be capable of functioning, and the record supports that Eagan's car reasonably appeared to be capable of functioning. *Morley*, 99 F.4th at 1337. Further, despite his arguments to the contrary concerning exigency, no exigent circumstance is required beyond the inherent mobility of functioning automobiles. *Watts*, 329 F.3d at 1286. Therefore, the district court likewise did not err by determining that the automobile exception applied.

Finally, the district court also did not err by determining that the inevitable discovery doctrine applied, notwithstanding the permissibility of the search under the automobile exception. The court correctly determined that Baldwin County Sheriff's Office ("BCSO") deputies would have inevitably discovered the evidence inside the car, because BCSO policy provided that a car used to commit a felony must be impounded and inventoried. *Watkins*, 13 F.4th at 1210. The BCSO's policy also provided that deputies could impound and tow a car following an arrest if it was deemed "reasonable and necessary." The record supports that it was reasonable and necessary to tow the car, because it remained in a private citizen's yard, and the government demonstrated that it was more likely than not that the evidence would have been discovered absent any claimed Fourth Amendment violation. *Watkins*, 13 F.4th at 1210-11; *Taylor*, 967 F.2d at 1543. To that end, although Eagan argues that the inventory search was pretextual, the contents of the car would still have been discovered through that search as part of the BCSO's procedure, and thus, the inevitable discovery

Case 1:22-cr-00236-JB-MU   Doc# 219   Filed 04/16/25   Page 12 of 14   PageID# 1405
USCA11 Case: 24-10904   Document: 33-4   Date Filed: 04/16/2025   Page: 12 of 12

12                Opinion of the Court                24-10904

exception is applicable. *Rhind*, 289 F.3d at 694. Moreover, despite Eagan's jurisdictional arguments concerning Escambia County Sheriff's Office deputies towing the car, the BCSO deputies properly inventoried the car pursuant to their standard operating procedure. Moreover, to the extent he contends that BCSO deputies were outside of their jurisdiction, Florida law permits deputies to continue their "fresh pursuit" into that state, which the record supports because Eagan failed to stop for Deputy Duggan in Alabama and engaged in a high-speed chase into Florida. Fla. Stat. § 941.31. Thus, the court did not err by concluding that BCSO deputies would have inevitably discovered the evidence while conducting an inventory search of the car.

Accordingly, we affirm.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 16, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 24-10904-CC
Case Style: USA v. Grayson Eagan
District Court Docket No: 1:22-cr-00236-JB-MU-1

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. Among other things, **a petition for rehearing must include a Certificate of Interested Persons**. See 11th Cir. R. 40-3.

Costs
No costs are taxed.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion